LEWIS RUMFORD *vs.* MORRIS GOODLEVEGE, Garnishee of Mary B. Adair.

GARNISHMENT—FUNDS LIABLE.

An attaching creditor occupies no better position than the judgment creditor as to the collection of a debt due the latter from the garnishee, who is not affected in any rights subsisting between him and the judgment debtor, so that where a garnishee, a tenant of the judgment debtor, after the attachment was served upon him, paid the rents, etc., to the judgment debtor's assignee, the attaching creditor could not recover against the garnishee for such rents.

(*March* 21, 1913.)

Judges BOYCE and CONRAD sitting.
*Charles W. Bush* for plaintiff.
*Robert Adair* for defendant.
Superior Court, New Castle County, March Term, 1913.

ATTACHMENT FI. FA. (No. 1, November Term, 1912). *Nulla bona* (No. 72, March Term, 1913). This is an issue on a plea of *nulla bona* under an attachment *fi. fa.* on a judgment in the Superior Court at the suit of Lewis Rumford against Mary Adair, under which Morris Goodlevege was summoned as garnishee. The issues of fact presented were submitted to the court under an agreed statement of facts, which, in substance, together with the questions of law involved appear in the opinion of the court.

BOYCE, J., delivering the opinion of the court:

Morris Goodlevege was summoned as garnishee under a writ of attachment *fieri facias*, directed to the sheriff of this county, issued on the sixteenth day of September, A. D. 1912, upon a judgment recovered in this court on the eighth day of March, A. D. 1912, at the suit of Lewis Rumford, the attaching creditor, against Mary B. Adair, for the sum of twenty-five dollars with interest from the fourteenth day of October, A. D. 1910, besides the sum of four dollars and twenty-three cents, costs of suit, said judgment being No. 409, March term, A. D. 1912.

Rumford, the plaintiff in said writ, upon the return thereof, at the next ensuing November term, showing that the attachment was laid and the garnishee summoned and the required fee paid, on the day it was issued, and the appearance of the garnishee on the twenty-first day of December, A. D. 1912, did not permit the latter to answer, but required him to plead "*nulla bona*", on which issue was taken, which is now before the court for determination, on an agreed statement of facts in writing, signed by counsel for the parties, the essential facts already stated being included in the case stated. It further appears therein that the said Mary B. Adair, the defendant in said judgment, is the owner of certain property in this city, of which Goodlevege, the garnishee, had been tenant from a date prior to the service of said writ to the time of the filing of the case stated, at the monthly rent of twenty-five dollars, payable on the twenty-fifth day of each month. It further appears that, on the twenty-eight day of February, A. D. 1912, the said Mary B. Adair executed an assignment of the rent of said property to Julia A. P. Adair, but that neither the plaintiff in said judgment and writ, nor his attorney, had actual notice of the assignment until a time subsequent to the appearance of said garnishee. We do not deem it necessary to recite or consider further statement of facts respecting the acknowledgment of said assignment and the recording thereof, in the office of the recorder of deeds for this county, or the alleged constructive notice thereof, and the like notice of the plaintiff of said assignment from the rent receipt book in the possession of the garnishee, of which it does not appear the plaintiff, or his attorney, had knowledge or ever exam-

ined. Nor is it necessary to consider the alleged payment of taxes by the garnishee after the attachment was laid.

It is not denied that the said assignment of rent was made upon a good and valuable consideration. The question is not whether the attaching creditor had notice of the assignment at the time the attachment issued and was served, but whether the assignment had, in fact, been made. That the assignment was made is admitted in the case stated.

It is a well-settled rule of law that the attaching creditor stands in no better position than the defendant in the judgment, upon which the attachment issues, as to the collection of a debt due to the latter from the garnishee, who from the fact he has been garnisheed is not affected in any rights subsisting between him and the defendant in such judgment. The test of the garnishee's liability is that he has funds in hand—rent due and owing in this case—belonging to the defendant in said judgment for which the latter would have a right of action against the garnishee. It is admitted that the garnishee has, since the attachment was laid in his hands, paid taxes and rents to the assignee, amounting to said monthly rent, for which the assignee by her attorney has receipted. These facts being admitted upon the record, it appears conclusively that Mary B. Adair, the defendant in said judgment, could not maintain an action against the garnishee, and, therefore, the plaintiff in said judgment is not entitled to have a recovery against the garnishee for said rents.

It is the opinion of the court that judgment should be entered against the plaintiff in favor of the defendant, for costs, and it is so ordered.